UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JULIE CULLEN, ) | |
| ) | Case Number: |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Judge: |
| UNITED STATES OF AMERICA, ) | |
| ) | Magistrate Judge: |
| ) | |
| Defendant. ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, JULIE CULLEN, by and through her attorneys, RATHBUN, CSERVENYAK & KOZOL, LLC, and for her Complaint at Law, states as follows:

**INTRODUCTION**

1. This action arises from an incident that occurred on November 20, 2018, in which the Plaintiff, JULIE CULLEN, was seriously injured after slipping and falling while visiting U.S.A. in Elwood. Plaintiff fell due to the existence of a dangerous condition at said cemetery in the form of a slick, wet substance, consisting of runoff water, dirt, mud, and soot, on a depressed concrete sidewalk.

2. As a result of said fall, Plaintiff experienced severe pain from a broken left wrist, right ulnar fracture, resulting in a frozen shoulder with an impinged nerve. This led to a right shoulder arthroscopic debridement and subacromial decompression. Plaintiff medical bills exceed $60,000.00.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the claims herein as they are brought pursuant to the Federal Torts Claims act, 28 U.S.C. §1346(b), §1402(b), §2401(b) et. seq.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). (28 U.S.C.A. Chapter 85 § 1391 (b)). Defendant, UNITED STATES OF AMERICA (hereinafter referred to as U.S.A.). The injuries of which Plaintiff complains also occurred in the Northern District of Illinois.

3. This lawsuit is being filed within the 6-month time period under the Federal Tort Claims Act.

## GENERAL ALLEGATIONS

1. The Plaintiff, JULIE CULLEN, is an individual residing in Will County, Illinois.

2. Prior to November 18, 2018, Defendant, U.S.A., contracted with a vendor for turfgrass renovations for G1-G2-G3-G4 Sections of U.S.A. in Will County Illinois.

3. On and before November 18, 2018, U.S.A. through UNITED STATES DEPARTMENT OF VETERANS AFFAIR NATIONAL CEMETERY ADMINISTRATION, owned, operated, managed, maintained, and controlled the U.S.A. located at 20953 West Hoff Road, in the Village of Elwood, County of Will, State of Illinois.

4. On or about November 18, 2018, Plaintiff, JULIE CULLEN, was lawfully on the premises commonly known as U.S.A. located at 20953 West Hoff Road, in the Village of Elwood, County of Will, State of Illinois.

5. On November 18, 2018, at U.S.A., Plaintiff, JULIE CULLEN, was caused to slip and fall on a slick, wet substance consisting of runoff water, dirt, mud, and soot on a depressed concrete sidewalk within said cemetery.

6. The aforesaid concrete sidewalk was located on the southside of Section G2 within U.S.A.

**COUNT I**
*Negligence - Premises Liability*
*JULIE CULLEN v. UNITED STATES OF AMERICA*

NOW COMES the Plaintiff, JULIE CULLEN, by and through her attorneys, RATHBUN, CSERVENYAK & KOZOL, LLC, and for her Complaint at Law against the Defendant, U.S.A., states as follows:

7. Plaintiff, JULIE CULLEN, repeats and re-alleges paragraphs 1-6 in the general allegations and incorporates them by reference herein.

8. At all times relevant hereto, Defendant, U.S.A., had a duty to exercise ordinary and due care, both directly and indirectly, and through its agents, servants and employees, in the ownership, possession, management, maintenance and control of the property located at 20953 West Hoff Road, in the Village of Elwood, County of Will, State of Illinois.

9. At the aforesaid time and place, an unsafe condition existed on the property that presented an unreasonable risk of harm to invitees in the form of unnaturally accumulated slick dirt/soot on a depressed piece of sidewalk that existed on the property.

10. Defendant, U.S.A., knew, or in the exercise of ordinary, reasonable and due care should have known, that said unsafe condition existed on the property and presented an unreasonable risk of harm to invitees such as Plaintiff in the form of unnaturally accumulated slick dirt/soot on a depressed piece of sidewalk.

11. Defendant, U.S.A., could reasonably expect that persons on the property would not discover or realize the danger posed by said dangerous condition or would fail to protect themselves against such danger.

12. At the aforesaid time, or prior thereto, Defendant, U.S.A., was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    a. Improperly possessed, operated, managed, maintained, and

3

       controlled the aforesaid premises, so that the Plaintiff was injured by a foreseeable and unreasonable risk of harm in the form of unnaturally accumulated slick dirt/soot in an area ingress/egress on a depressed piece of sidewalk creating a hazardous condition for all persons, including Plaintiff;

b.    Failed to make a reasonable inspection of the sidewalk and newly installed turfgrass grade and pitch as to allow runoff from the replaced irrigation system to flow away from a main area of ingress/egress;

c.    Failed to properly clear the sidewalk when Defendant knew, or should have known, that clearing the same was necessary to ensure an unreasonable risk of harm did not exist on the premises in the form unnaturally accumulated slick dirt/soot in an area ingress/egress on a depressed piece of sidewalk that injured Plaintiff;

d.    Allowed or permitted unnaturally accumulated slick dirt/soot in an area ingress/egress on a depressed piece of sidewalk when Defendant knew, or should have known, said condition was an unreasonable risk of harm to invitees lawfully on the premises;

e.    Failed to provide a proper warning when Defendant knew, or should have known, that said warning was necessary to ensure avoidance of an unreasonable risk of harm on the premises in the form unnaturally accumulated slick dirt/soot in an area ingress/egress on a depressed piece of sidewalk;

f.    Failed to conduct proper and adequate inspections of the premises to identify an unreasonable risk of harm that existed there in the form unnaturally accumulated slick dirt/soot in an area ingress/egress on a depressed piece of sidewalk, although Defendant knew, or should have known, said inspections were necessary to allow for safe ingress and egress of invitees lawfully on the premises.

13.    The aforesaid acts and omissions of Defendant, U.S.A., were a proximate cause of the Plaintiff, JULIE CULLEN, slipping and falling on a slick, wet substance consisting of dirt/soot on a depressed concrete sidewalk within U.S.A.

14.    As a direct and proximate result of one or more of the aforesaid careless and

negligent acts and/or omissions of Defendant, U.S.A., as set forth above, Plaintiff, JULIE CULLEN, then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to her usual duties and affairs and has lost, and in the future will lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, JULIE CULLEN, demands judgment against the Defendant, U.S.A., in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## **COUNT II**
### *General Negligence*
### *JULIE CULLEN v. UNITED STATES OF AMERICA*

NOW COMES the Plaintiff, JULIE CULLEN, by and through her attorneys, RATHBUN, CSERVENYAK & KOZOL, LLC, and for her Complaint at Law against the Defendant, U.S.A., states as follows:

7. Plaintiff, JULIE CULLEN, repeats and re-alleges paragraphs 1-6 in the general allegations above and incorporates them by reference herein

8. That at all times relevant hereto, it was the duty of Defendant, U.S.A., to exercise ordinary and due care in the operation, maintenance, management, and control of the property at the U.S.A.

9. Specifically, Defendant, U.S.A., was guilty of one or more of the following careless and negligent acts and/or omissions:

    a.    Failed to operate, maintain, manage, and/or control the premises so as to keep it free from hazards such as unnaturally accumulated slick dirt/soot in an area

5

        ingress/egress on a depressed piece of sidewalk;

b. Failed to make a reasonable inspection of the premises so that it was free from hazards such as unnaturally accumulated slick dirt/soot in an area ingress/egress on a depressed piece of sidewalk creating a hazardous condition for all persons;

c. Failed to properly clear hazards such as unnaturally accumulated slick dirt/soot in an area ingress/egress on a depressed piece of sidewalk;

d. Carelessly and negligently allowed unnaturally accumulated slick dirt/soot in an area ingress/egress on a depressed piece of sidewalk that injured Plaintiff;

e. Failed to properly warn the Plaintiff that unnaturally accumulated slick dirt/soot existed in an area ingress/egress on a depressed piece of sidewalk that was likely to cause her injuries;

f. Failed to properly train and instruct its employees and agents to ensure that unnaturally accumulated slick dirt/soot did not exist on the depressed sidewalk so that it injured Plaintiff;

g. Failed to properly monitor and supervise the duties of its employees and/or agents to ensure that unnaturally accumulated slick dirt/soot did not exist on the depressed sidewalk so that it injured Plaintiff; and

10. The aforesaid acts and omissions of Defendant, U.S.A., were a proximate cause of the Plaintiff, JULIE CULLEN, slipping and falling on a slick, wet substance consisting of dirt/soot on a depressed area of the concrete sidewalk within U.S.A.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, U.S.A., as set forth above, Plaintiff, JULIE CULLEN, then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to her usual duties and affairs and has lost, and in the future will lose, the value of that time as aforementioned. Plaintiff also suffered

great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, JULIE CULLEN, demands judgment against the Defendant, U.S.A., in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## JURY DEMAND

The Plaintiff, JULIE CULLEN, hereby requests trial by jury.

Willard L. Hemsworth III - 06280200
RATHBUN, CSERVENYAK & KOZOL
3260 Executive Drive, Joliet, Illinois 60431
815- 730-1977
whemsworth@rcklawfirm.com
Eservice: hkemps@rcklawfirm.com

*One of the Attorneys for Plaintiff*